ROBERT HUNTINGTON v. JAMES BRANTLEY.

TAXES AND TAX SALE: SALE OF LAND OF NON-RESIDENTS UNDER THE ACT OF
1844.—The 66th section of the Revenue Act of 1844, requires the tax-collector
to transmit, by the 1st day of July of each year, to the Auditor of Public Ac-
counts, a certified account of all the taxes assessed against the lands of non-
residents of the county; and a failure on his part to comply with this require-
ment of the law, renders a sale of the land of a non-resident for taxes, made
under that Act, absolutely void.

IN error from the Circuit Court of Leake county. Hon. E. G.
Henry, judge.

*Robert Huntington* and *Yerger & Rucks*, for the plaintiff in
error.

*H. A. H. Lawson*, for the defendant in error.

FISHER, J., delivered the opinion of the court.

This was an action, brought by the plaintiff in error, in the Circuit
Court of Leake county, to recover a tract of land in the possession
of the defendant.

The land in question was sold in February, 1845, by the tax-col-
lector of said county, as the property of one Murphy, for the pay-
ment of the taxes alleged to be due, from him to the State and
county, and was purchased by the plaintiff. Murphy was a non-
resident of the county; and the fact distinctly appears, that the
tax-collector failed to transmit to the Auditor of Public Accounts
a certified account of all taxes, State and county, assessed upon
lands of non-residents of said county. The 66th section of the Act
of 1844, which was in full force at the time of the plaintiff's pur-
chase, required the tax-collector to perform this duty, and gave the
tax-payer the right to pay his taxes to the auditor. A failure to
comply with this requirement of the law, in our opinion, renders
the sale void, upon the ground, that the tax-payer must be legally
in default, in making payment of the tax assessed against him,
before the tax-collector can be invested with the power to sell the

property taxed; and a party cannot be said to be in default in performing this duty, when the auditor was never clothed with the authority to receive payment of the taxes, as the auditor's authority must be derived from the account certified to him by the collector.

As this point disposes of the whole merits of the case, it is not necessary to decide the numerous other points, so elaborately argued by counsel.

Judgment affirmed.